IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31820-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON LEE DUTCHER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jason Dutcher challenges his conviction for third degree child molestation, arguing that the evidence was insufficient, the jury was incorrectly instructed, and two of the court's sentencing conditions were improper. We partially agree with his latter arguments and remand for correction of the sentence, but otherwise affirm the conviction.

FACTS

Mr. Dutcher, then 20, was watching a movie with H.N.D., then 14, and her school friend when all three fell asleep in H.N.D.'s bedroom sometime after 2:00 a.m. H.N.D. awoke later in the night to find Dutcher touching her. He put his hand down her shorts and under her panties, touching her clitoris and vaginal area. Dutcher then thrust his hips against her lower back. H.N.D. believed his penis was outside his clothing at that time, but she was facing away and did not see him. When Dutcher reached for her breast,

H.N.D. blocked him and told him to keep his hands to himself. Dutcher rolled over and pretended he was asleep.

H.N.D. later left the room for the stated purpose of going to the bathroom. Dutcher announced that he "didn't do it." H.N.D. reported the touching to an adult housemate who then ordered Mr. Dutcher from the premises. He denied any wrongdoing and insisted he had been asleep. He subsequently told the same thing to police.

The prosecutor filed charges of third degree child molestation and indecent liberties. A jury acquitted Mr. Dutcher of indecent liberties, but did convict him on the molestation count. At sentencing, the trial court imposed community custody conditions that Mr. Dutcher not possess pornography and be subject to plethysmograph testing at the direction of his community corrections officer (CCO). Mr. Dutcher then timely appealed to this court.

## ANALYSIS

Mr. Dutcher raises two challenges to his conviction and challenges the two sentencing conditions noted above. We first address his challenges to the conviction before jointly addressing the sentencing arguments.

*Sufficiency of the Evidence*

Mr. Dutcher initially argues that there was insufficient evidence that he acted for the purpose of sexual gratification. The evidence amply permitted the jury to reach its decision.

2

Appellate courts review sufficiency of the evidence challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.*

To prove third degree child molestation as charged here, the State was required to establish that H.N.D. was less than 16 years old, Mr. Dutcher was at least 48 months older than she was, and that he had sexual contact with her. RCW 9A.44.089(1). "Sexual contact" means "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire." RCW 9A.44.010(2). The effect of that definition is that the State must prove defendant acted intentionally. *State v. Stevens*, 158 Wn.2d 304, 311, 143 P.3d 817 (2006).

Initially, the prosecutor argues that "sleep sexual contact" should be an affirmative defense as it is in cases of child rape. *See State v. Deer*, 175 Wn.2d 725, 287 P.3d 539 (2012). Mr. Dutcher argues in rejoinder that unknowing sexual contact would simply negate the State's case and should not be an affirmative defense on which he would have to bear the burden of proof. We are inclined to Mr. Dutcher's view of the argument in

light of recent[1] authority, but need not reach the issue in this case because he does not contend that he was denied an appropriate instruction or not permitted to argue his theory of the case. He styles his challenge solely as a sufficiency of the evidence argument and, thus, that is our focus.

The evidence supported the verdict. The age-related elements are not in issue, nor does Mr. Dutcher contend that his touching did not involve H.N.D.'s "sexual or intimate parts." Instead, he simply asserts his alleged sleeping condition as the basis for establishing that he acted without intent. However, our focus in reviewing a jury's verdict is on the evidence in support of that verdict—in other words, the evidence supporting the State's case. *Green*, 94 Wn.2d at 222. That evidence squarely puts Mr. Dutcher awake and in control of his actions.[2] The victim described the touching as purposeful. It was oriented solely to her intimate bodily parts without additional contact that might support a theory of unknowing behavior. Even more significantly, Mr. Dutcher's actions in thrusting his hips against her strongly suggested that his purpose was sexual gratification, regardless of whether he had removed his penis from his clothing.

The jury did not have to believe that Mr. Dutcher's actions were accidental or without purpose. Indeed, his protestation to H.N.D. when she left the room strongly

---

[1] *See State v. W.R.*, No. 88341-6, 2014 WL 5490399 (Wash. Oct. 30, 2014).

[2] Mr. Dutcher did not testify, so the only evidence that he was allegedly sleeping came from his statements to others.

suggested that he was fully aware of his actions. Nonetheless, our focus is on what the State proved rather than what the defense argued. Here, the victim described purposeful acts of intimate contact that belied the defendant's argument and supported the jury's determination about the purpose of the behavior.

The evidence supported the jury's verdict.

*Unanimity Instruction*

Mr. Dutcher argues that H.N.D. described multiple instances of sexual contact and that the court therefore erred by failing to instruct the jury on the need to be unanimous in its view of what action occurred. We believe a commonsense view of the evidence establishes that this was one continuing course of conduct and the court did not err in its instruction.

Only a unanimous jury can return a "guilty" verdict in a criminal case. *State v. Camarillo*, 115 Wn.2d 60, 63, 794 P.2d 850 (1990). Where the evidence shows multiple acts occurred that could constitute the charged offense, the State must either elect which act it relies upon or the jury must be instructed that it must unanimously agree upon which act it found. *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984). Constitutional error occurs if there is no election and no unanimity instruction is given. *State v. Bobenhouse*, 166 Wn.2d 881, 893, 214 P.3d 907 (2009); *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988). This type of error requires a new trial unless shown to be harmless beyond a reasonable doubt. *Camarillo*, 115 Wn.2d at 64.

However, no election or unanimity instruction is needed if the defendant's acts were part of a continuing course of conduct. *State v. Handran*, 113 Wn.2d 11, 17, 775 P.2d 453 (1989). Appellate courts must "review the facts in a commonsense manner to decide whether criminal conduct constitutes one continuing act." *State v. Fiallo–Lopez*, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995). A continuing course of conduct exists when actions promote one objective and occur at the same time and place. *Petrich*, 101 Wn.2d at 571; *State v. Love*, 80 Wn. App. 357, 361, 908 P.2d 395 (1996).[3]

That is the situation here. All of the acts of child molestation occurred at the same time and place—just moments apart in the victim's bedroom. All of these brief incidents of sexual touching were done for the same purpose of achieving Mr. Dutcher's sexual gratification. A commonsense view of this evidence confirms that there was one continuing course of criminal conduct. The jury did not need to parse this episode down into its individual components. It was one incident and there was no need for either an election or a unanimity instruction.

The jury was properly instructed. There was no *Petrich* violation.

---

[3] A continuing course of conduct also exists when the charged criminal behavior is an "ongoing enterprise." *State v. Gooden*, 51 Wn. App. 615, 620, 754 P.2d 1000 (1988) (promoting prostitution was ongoing enterprise).

*Sentencing Conditions*

Mr. Dutcher also argues that the trial court erred by imposing two of its sentencing conditions. He challenges the condition that he not possess pornography as well as the condition that he submit to plethysmograph testing at the direction of his CCO. The State concedes that the first condition is improper, but argues that the second challenge is not yet ripe. We accept the concession and remand to clarify the judgment and sentence.

We agree with the parties that the no possession of pornography condition is unconstitutionally vague. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). Although it would be possible to remedy the condition by more explicitly describing the prohibited behavior in the judgment and sentence, the parties simply ask that the condition be stricken rather than corrected. We therefore direct the trial court to strike the condition.

Mr. Dutcher contends that the trial court impermissibly empowered the CCO to order plethysmograph monitoring. In *State v. Riles*, 135 Wn.2d 326, 345, 957 P.2d 655 (1998), the court concluded that plethysmograph testing could be ordered to support treatment or other affirmative obligations imposed on an offender, but could not be used merely to monitor compliance with sentence conditions. Mr. Dutcher was directed to enter into treatment counseling as directed by his CCO. Clerk's Papers at 80. He apparently fears that the CCO might require plethysmograph monitoring without imposing the treatment counseling.

7

No. 31820-6-III
*State v. Dutcher*

There is nothing in this record to suggest that the assigned CCO will violate his or her obligations under the law and order monitoring without treatment. Since there is no factual basis for believing the condition is improper, we doubt this issue is ripe for review. *State v. Valencia*, 169 Wn.2d 782, 788-89, 239 P.3d 1059 (2010). Nonetheless, because we are remanding the matter to strike the pornography condition, we also direct the trial court to clarify that a CCO can only order plethysmograph testing at the direction of the treatment provider.

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

8